UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-153-KDB

| | |
|---|---|
| **RAYMOND KEITH WRIGHT, II,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ZACHARY BEARD, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se Plaintiff is a pretrial detainee at the Henderson County Detention Center (HCDC) on a charge of felony conspiracy.[1] The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. He names as Defendants: Zachary Beard, Michael Lolley, and Matthew Parce, Henderson County Sheriff's Office (HCSO) detectives; as well as Colby Allman, Ryan Patton, and James Hrom, and Monica B. Jernigan, whom he fails to identify. The Plaintiff asserts claims for "14th amend violation slander/defame character; 8th amendment violation excessive bail of 300,000; 4th amend violation – unreasonable search & seizure; 14th amend violation malicious prosecution/ false prisonment." [Doc. 1 at 12] (errors uncorrected). He states his claims as follows:

> Letter of Facts; An investigation was held from 1-5-22 to 6-30-22 in which I am implicated as being involved in a continuing criminal enterprise. I am in none of the activities throughout the report until the last part which states where I had an altercation inside the county jail.

---

[1] See Henderson County Superior Court Case No. 22CRS052550; Fed. R. Ev. 201.

[Id. at 12]. The Plaintiff does allege any injuries. [Id at 5]. He seeks $730,000 in damages. [Id. at 12].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S.

__, 143 S.Ct. 1444 (2023).

The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff fails to allege how any Defendant violated his rights or injured him in any way; his vague allegations and his citation to various legal theories are insufficient. See generally Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation). Accordingly, the Complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

Signed: August 7, 2023

Kenneth D. Bell
United States District Judge