| | |
|---|---|
| RAYMOND KEITH WRIGHT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ZACHARY BEARD, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint.

[Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

### I.        BACKGROUND

The pro se Plaintiff is a pretrial detainee at the Henderson County Detention Center

(HCDC) on a charge of felony conspiracy. [See Doc. 8 at 1, n. 1]. He filed this civil rights action

pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Complaint was dismissed on initial review and the

Plaintiff was granted the opportunity to amend. [Doc. 8]. The Amended Complaint is now before

the Court for initial review. [Doc. 10].

The Plaintiff again names as Defendants: Henderson County Sheriff's Office (HCSO)

detectives Zachary Beard, Michael Lolley, Matthew Parce, Colby Allman, Ryan Patton, and James

Hurn; and Monica B. Jernigan, a Hendersonville magistrate.[1] [Doc. 10 at 12, 15]. He has added

---

[1] The Plaintiff failed to identify Defendant Jernigan in the Complaint.

as a new Defendant Chris Goodwin, another HCSO detective.[2]  The Plaintiff raises claims for "14 amend: slander/defame of character, 14 amend: malicious prosecution/ false imprisonment. 8th amend: violation of excessive bail of $326,000." [Id. at 3] (errors uncorrected).

The Plaintiff alleges that: he and several others were arrested and charged in an opium trafficking conspiracy after his home was raided on June 30, 2022; the arrest and charges are not supported by probable cause; all of the charges have been dismissed except for a felony conspiracy charge which is not supported by the evidence; Plaintiff has been incarcerated for 15 months on false allegations because he could not post bond; property was seized, including clothing and his wallet; prison correctional officers and HCDC officers have insinuated that the Plaintiff is a drug dealer and a gang member on social media, making him seem guilty in the public's view; Plaintiff has "nothing to come home to;" it will be difficult for him to find a job in future; and his detention has caused personal and family hardship. [Doc. 10 at 13-14] (errors uncorrected). The section of the Complaint addressing injuries states "N/A." [Id. at 5]. For relief, the Plaintiff seeks $800,000 & Dismissal and Expungement of charges." [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

---

[2] The Plaintiff sues Defendants Beard, Lolley, Parce, and Allman only in their official capacities. [Doc. 10 at 2-3]. He does not specify whether he is suing the remaining Defendants in their official capacities, individual capacities, or both.  [Id. at 12].

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**[3]

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 174-75 (2023).

It appears that the Plaintiff may be attempting to raise claims on behalf of others.  [See, e.g., Doc. 10 at 13 (referring to the arrest and charging of Plaintiff and "multiple other's [sic]")].  As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others.  See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v.

---

[3] The Plaintiff's allegations have been liberally construed. Allegations that are too vague, conclusory, or confusing for the Court to reasonably discern a claim will not be separately discussed. [See, e.g., Doc. 10 at 15 (alleging that "The case report mentions me having an altercation with another inmate on or between July 5-7, while incarcerated. So with that said what was the probable cause to arrest me in the first place?")]; see generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants). Any claim or argument not specifically addressed in this Order has been considered and rejected.

Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff has attempted to assert claims on behalf of others, they are dismissed.

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 10 at 14 (referring to "Prison Correctional officer's" and "Henderson County detention officer's"]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are, therefore, dismissed.

The Plaintiff names as a Defendant Monica Jerginan, the North Carolina magistrate who found sufficient evidence to issue an arrest warrant at Defendant Beard's request. [Doc. 10 at 15-16]. Judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that

4

the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).  Defendant Jerginan is absolutely immune from suit and, therefore, the claims against her are dismissed.

The Plaintiff asserts claims against several detective Defendants in their official capacities. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell, 436 U.S. 658, 694). Here, the Plaintiff has not made any allegations whatsoever to suggest that he suffered any violation of his rights or injury as the result of an official policy or custom. Accordingly, the Plaintiff's claims against the detective Defendants in their official capacities are dismissed.

The Plaintiff appears to assert claims against several HCSO detectives in their individual capacities for false arrest, malicious prosecution, excessive bail, and defamation. [Doc. 10 at 15]. These claims will be addressed in turn.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures."  U.S. Const. amend. IV.  Section 1983 provides a federal cause of action for Fourth Amendment false arrest.  Wallace v. Kato, 549 U.S. 384 (2007).  "False arrest

and false imprisonment overlap; the former is a species of the latter. Id. at 387-88. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). A facially valid arrest warrant provides the arresting officer with sufficient probable cause to arrest the individual identified in the warrant. Baker v. McCollan, 443 U.S. 137, 143–44 (1979). Therefore, "[a] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.... Thus, we recognize implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) (citing Brooks v. City of Winston–Salem, 85 F.3d 178 (4th Cir.1996)).

The Plaintiff's claim for false arrest is self-defeating in that he admits that Defendant Beard obtained an arrest warrant. [Doc. 10 at 15]. Plaintiff's allegations are also too vague and conclusory to plausibly suggest that, at the time of the arrest, any Defendant acted without reasonably believing that probable cause existed. See generally See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of

6

material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Plaintiff's false arrest claim is dismissed.

A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). An allegation "that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued" presents a claim for malicious prosecution under Section 1983. Humbert v. Mayor & City Council of Balt. City, 866 F.3d 546, 555 (4th Cir. 2017). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

The Plaintiff's malicious prosecution claim cannot proceed because his criminal prosecution is still pending in North Carolina state court. He cannot, therefore, satisfy the favorable termination requirement at this time. See McDonough v. Smith, 139 S.Ct. 2149 (2019) (malicious prosecution claim only accrues when the underlying criminal proceeding terminates in favor of the accused); Manuel v. City of Joliet, 580 U.S. 911 (2017) (malicious prosecution claim does not accrue until the criminal proceedings terminate in the plaintiff's favor). The Plaintiff's allegations are also too vague and conclusory to plausibly suggest that any Defendant violated his rights. See

Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. His malicious prosecution claim is, therefore, dismissed.

The Eighth Amendment provides *inter alia* that "[e]xcessive bail shall not be required…." U.S. Const. amend. VIII; see Schilb v. Kuebel, 404 U.S. 357 (1971) (recognizing that the Eighth Amendment's freedom from excessive bail applies to the states through the Fourteenth Amendment).

Here, the Plaintiff complains that his bond was set for $326,000 which was so high that he "had to go to prison, because [he] wouldn't have been able to pop bond and complete [his] probation." [Doc. 10 at 13]. The Plaintiff has not articulated any facts to plausibly show that any detective Defendant actually performed the act of setting the allegedly excessive bail, or that they had the authority to do so. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. Moreover, to the extent that the Plaintiff seeks to challenge his pretrial custody and/or his pending criminal charges, he may not do so in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus); United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial petitions for writ of habeas corpus are properly brought under 28 U.S.C. § 2241); Younger v. Harris, 401 U.S. 37, 53 (1971) (a federal court should not interfere with ongoing state criminal proceedings except in extraordinary circumstances). Accordingly, the Plaintiff's claim of excessive bail is dismissed.

Finally, the Plaintiff asserts a claim for defamation. Under the Fourteenth Amendment, an individual has "the right to due process where [his] good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Sciolino v. City of Newport News, 480 F.3d 642, 646 (4th Cir. 2007) (internal quotations omitted). The Supreme Court has explained that

stigma or "reputation alone, apart from some more tangible interests such as employment," is not "liberty" within the meaning of the Due Process Clause. See Paul v. Davis, 424 U.S. 693 (1976). To state this type of claim, a plaintiff must show: (1) a statement "stigmatizing his good name" and damaging his standing in the community; (2) some type of dissemination or publication of the statement; and (3) some other government action that "alter[s] or extinguishe[s] one of his legal rights." Elhady v. Kable, 993 F.3d 208, 225 (4th Cir. 2021) (quoting Paul, 424 U.S. at 706-11). Further, it is axiomatic that "[t]here can be no deprivation of liberty [under a procedural due process theory] unless the stigmatizing charges at issue are false." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 312 (4th Cir. 2006); see also Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 167, 172 n.5 (4th Cir. 1988).

Here, the Plaintiff does not plausibly allege that any named Defendant made a stigmatizing and false statement about him that violated his rights. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. His vague complaints that unnamed correctional and detention officials made comments about his alleged gang and drug activities, resulting in the public believing he is guilty and that may impact his future employment options, are insufficient.[4] See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. Accordingly, the Plaintiff's defamation claim is dismissed.

The Court will dismiss this action with prejudice because the Plaintiff has already amended his complaint once and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

IV.     CONCLUSION

---

[4] These claims are also nullities insofar as they refer to individuals not named as defendants in this action as discussed *supra.*

9

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk is respectfully instructed to close this case.

Signed: October 4, 2023

Kenneth D. Bell
United States District Judge